IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Allen Cribb, ) | Civil Action No.: 4:06-2589-RBH |
| ) | Criminal No.: 4:05-cr-901-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Pending before the court are: 1) Petitioner's motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255; and 2) Respondent's [Docket Entry #24] motion for summary judgment and response to Petitioner's § 2255 motion.

**Factual and Procedural Background**

The Petitioner, Charles Allen Cribb, is currently incarcerated at USP Lee County in Jonesville, Virginia and is proceeding *pro se*. On August 24, 2005, the Petitioner and a co-defendant, Terry Wayne Sealey, were each indicted on one count in a two count indictment. Count 2 of the indictment which pertained to Charles Allen Cribb alleged that on or about October 16, 2004, the Petitioner, having been convicted of a crime punishable for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, which had been shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 924(e). On November 10, 2005, Petitioner pleaded guilty to Count 2 of the indictment pursuant to a plea agreement.[1] On March 15, 2006, the court sentenced

---

[1] The plea agreement contained typed provisions waiving the right to a direct appeal of the conviction and sentence. However, those provisions were marked out and initialed.

1

the Petitioner to the minimum penalty under the Sentencing Guidelines of eighty-seven (87) months. On March 15, 2006, Judgment was entered against the Petitioner on Count 2 of the indictment. On August 7, 2006, Petitioner filed a *pro se* appeal. Attorney David Betts was appointed as counsel for the petitioner for the appeal. On November 30, 2006, the appeal was dismissed as untimely.

On September 18, 2006, Petitioner filed a § 2255 motion to vacate, set aside, or correct an illegal sentence alleging ineffective assistance of counsel. On November 28, 2006, Petitioner filed a letter with attached § 2255 motion which added more specific grounds [docket entry #8]. Since this petition was filed in a timely manner under AEDPA[2] and no responsive pleading had been served, the Court will construe it as an amendment as a matter of course under Fed. R. Civ. P. 15(a). On September 6, 2007, Respondent filed a motion for summary judgment and response to Petitioner's § 2255 motion with attached affidavit of trial counsel, Michael A. Meetze.

On September 10, 2007, the court issued a Roseboro Order, which was mailed to the Petitioner the same day, informing the Petitioner that a motion for summary judgment had been filed in his case. The Roseboro Order stated that the Petitioner shall have thirty-four (34) days to file any materials he wishes to file in opposition to the Respondent's motion for summary judgment. The Petitioner did not file any materials in opposition to the Respondent's motion for summary judgment other than a letter [docket entry # 29] regarding his debriefing.

## **Discussion**

With regard to Petitioner's ineffective assistance of counsel claim based on the allegation that the Petitioner requested that Mr. Meetze appeal his sentence, there is conflicting sworn testimony as to whether the Petitioner made such a request. Petitioner's amended § 2255 motion, which was signed

---

[2] Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1).

2

under penalty of perjury, alleges that his attorney "dropped the ball, which deprived him any other counsel on appeal." Submitted with the Respondent's motion for summary judgment is an affidavit from Mr. Meetze. Mr. Meetze's affidavit states that while he has no independent recollection of advising the Petitioner of his right to appeal, he routinely discusses the issue of appeal with his clients.[3] Mr. Meetze's affidavit also states that the Petitioner never advised him that he wanted to appeal. Mr. Meetze noted in his affidavit that on March 17, 2006, he sent Petitioner a copy of the judgment in Petitioner's criminal case and that the cover letter confirmed that the Petitioner did not want to appeal. Mr. Meetze also noted that the Petitioner returned the client questionnaire to him with a cover letter, both of which were received on March 27, 2006, which was within the time for requesting an extension to file an appeal and which did not mention anything about filing an appeal. The letter referred to his desire to cooperate with the government so that a 35(b) motion might be filed. The questionnaire states that "everything went excellent all the way up to the 'last minute' in which I would like for you to keep with and follow up on." The court is left with conflicting sworn evidence reducing the issue to one of credibility.

"[W]hen counsel fails to file a requested appeal, a defendant is entitled to 'a new' appeal without showing that his appeal would likely have had merit."*United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007), *citing Peguero v. United States*, 526 U.S. 23, 28 (1999). *See also United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). If the defendant does not request his attorney to file an appeal, the attorney may still be required to file a timely appeal after appropriate consultation with his client. *Poindexter*, 492 F.3d at 271, *citing Roe v. Flores-Ortega*, 528 U.S. 470 (2000). "[A]n attorney must

---

[3] Regardless of whether Mr. Meetze advised the Petitioner of his right to appeal, the court advised the Petitioner of his right to appeal at the sentencing hearing conducted on March 15, 2006. *United States v. Cribb*, Criminal No. 4:05-cr-901, Transcript of Sentencing Hearing, pg. 7.

3

consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." *Poindexter,* 492 F.3d at 268.

Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255. The Fourth Circuit has stated that "when the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *United States v. Banks*, No. 97-7878, 1998 WL 808408, at *2 (4th Cir. Nov. 23, 1998) (citing *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)). In *Banks*, the Fourth Circuit remanded for an evidentiary hearing stating that "because the sworn evidence [as to whether Banks requested that his counsel file a notice of appeal] is conflicting, the district court should have conducted a hearing before denying this aspect of Banks's § 2255 motion." *Banks*, 1998 WL 808408, at *3; *see also United States v. Greer*, No. 05-7401, 2007 WL 542744, at *1 (4th Cir. Feb. 22, 2007) (vacating and remanding for an evidentiary hearing "because the record did not conclusively show that Greer's counsel was not ineffective for not filing a notice of appeal"). "[I]f the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court <u>must</u> hold an evidentiary hearing on a habeas claim." *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (emphasis added). In this case, the parties have submitted conflicting sworn testimony on a material factual issue involving a non-frivolous habeas allegation. Accordingly, an evidentiary hearing on this issue is required to resolve this dispute.[4] Because there is a genuine issue of material fact as to whether the Petitioner requested an appeal, summary judgment on this issue is denied.

---

[4] At the hearing, "proper records of counsel" may be submitted to the Court regarding this issue. *See Becton v. Barnett*, 920 F.2d 1190, 1195 (4th Cir. 1990).

4

Additionally, because an evidentiary hearing is required to resolve the dispute of whether the Petitioner requested that an appeal be filed, the court must appoint counsel for the Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings. *See United States v. Phillips*, No. 97-7468, 1998 WL 48561, at *1 (4th Cir. Feb. 9, 1998) (stating that there is a statutory right to appointed counsel in a § 2255 proceeding if an evidentiary hearing is required).

All other issues are held in abeyance until after the evidentiary hearing is held on the single issue indicated.

## **Conclusion**

For the reasons stated above, Respondent's [Docket Entry #24] motion for summary judgment is **DENIED** as to the issues regarding alleged ineffective assistance of defense counsel in failing to file a direct appeal. The remaining grounds asserted in the motion are held in abeyance.

An evidentiary hearing on the sole issue of whether the petitioner requested that an appeal be filed will be held within 60 days of the date of this Order so that Petitioner's appointed counsel will have adequate time to prepare. Petitioner is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The Clerk is directed to appoint counsel for the Petitioner, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Petitioner during this evidentiary hearing.

**IT IS SO ORDERED**.

Florence, South Carolina                                    s/ R. Bryan Harwell
November 29, 2007                                            R. Bryan Harwell
                                                             United States District Judge